In the Matter of the Claim of JACK WOLFF, Appellant, against S. JARALOMON & COMPANY, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board, disallowing the claim. The claimant testified that while he was at work as a plumbing foreman, on October 6, 1954, he struck his head against a valve. Two coworkers also testified to the occurrence of the accident. About a week later, according to the claimant's testimony, the vision in his left eye became blurred and he consulted his personal physician. The claimant did not mention the accident because it did not occur to him that it was connected with his eye trouble. His physician treated him for a head cold and for a sinus infection but the claimant's eye became worse and, on December 13, 1954, the claimant was referred to a specialist who diagnosed his ailment as a detached retina. An operation was performed the next day but the operation was unsuccessful and a second operation was performed the following February without any substantial success and the claimant has lost the use of his left eye. The claimant promptly advised his employer of the diagnosis of December 13, 1954, and the employer filed a report of injury a few days later, stating that the claimant has suffered an injury to his left eye as the result of hitting his head on a valve. However, the claimant did not mention the accident to the eye surgeon until some time after the first operation. There was a controversy upon the hearing as to whether the injury to the eye was causally connected with the blow to the claimant's head. The referee decided in favor of the claimant but the board reversed and dismissed the claim on the ground that " On the basis of credible probative evidence the claimant did not sustain an accidental injury arising out of or in the course of his employment". This finding by the board is ambiguous. If the board meant to indicate that it disbelieved the testimony of the claimant and that of his coworkers and found that no accident had occurred, the finding was contrary to the only evidence in the case and was contrary to the employer's own report of injury. We would have to reverse such a finding as being unsupported by substantial evidence. If the board meant to find, on the basis of the medical testimony, that there was no causal connection between the blow on the head and the detachment of the retina, such a finding might be sustainable, except for the unsatisfactory

nature of the expert opinion in this case. The medical proof is unsatisfactory, largely because of the fact that the attorney for the respondents insisted on including in the hypothetical questions put to the experts the fact that the claimant had failed to advise his personal physician and the eye surgeon of the occurrence of the accident. As a result, instead of obtaining from the medical experts an expert opinion as to whether an assumed accident was a competent producing cause of the detached retina, the doctors gave their opinion as to whether an accident had in fact occurred and based their conclusion as to the absence of causal connection upon their opinion that no accident had occurred. The question of whether an accident had occurred was not a proper subject of medical opinion. The opinion of the experts should have been elicited by a proper hypothetical question which assumed, for the purpose of the question, the occurrence of the accident as testified to by the claimant's witness. The case should be remitted to the board for clarification of its findings and for the obtaining of proper medical opinion on the issue of causal relation. Decision of the Workmen's Compensation Board reversed, with costs to the appellant against the respondent employer and insurance carrier, and the case remitted to the board for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.